## LATIMER et al. v. McNEAL.

(Circuit Court of Appeals, Third Circuit. January 15, 1906.)

### No. 20.

1. CONSTITUTIONAL—LAW—DUE PROCESS—APPOINTMENT OF RECEIVER.

The appointment of a receiver for the property of an alleged bankrupt under Bankr. Act July 1, 1898, c. 541, § 2 (3) 30 Stat. 545 [U. S. Comp. St. 1901, p. 3420], either with or without notice, is not in violation of the Constitution, as depriving the defendant of his property without due process of law.

2. BANKRUPTCY—ORDER REFUSING TO DISCHARGE RECEIVER—REVIEW.

An order of a court of bankruptcy refusing to discharge a receiver considered, and held not erroneous as matter of law.

Petition for Revision of Proceedings of the District Court of the United States for the Eastern District of Pennsylvania, in Bankruptcy. For opinion below, see 136 Fed. 912.

Henry J. Scott, for petitioner.

George Wharton Pepper, for appellee.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

ACHESON, Circuit Judge. This case comes before the court upon a petition of Stanley Francis, an alleged bankrupt, to review the action of the District Court of the United States for the Eastern District of Pennsylvania in a proceeding in bankruptcy. The record discloses that on March 31, 1905, an involuntary petition in bankruptcy was filed in the District Court, against Wm. H. Latimer, Frank C. Marrin, and Stanley Francis, individually and trading as the Provident Investment Bureau. On the same day a petition was presented for the appointment of a receiver, in which it was alleged that said named persons had been engaged in procuring money through the mails by fraudulent representations in furtherance of a fraudulent scheme. The petition further stated that Latimer and Marrin were fugitives from justice and their whereabouts unknown to the petitioner, and that Stanley Francis was then in custody, charged with the violation of the laws of the United States relating to the fraudulent use of the mails for the purpose of procuring money. The petition contained other averments showing that a receiver was necessary to take charge of the property of the alleged bankrupts for the preservation thereof and for the protection of their creditors, until further orders of the court in the premises. On the same day and without first giving notice to any of the alleged bankrupts, J. Hector McNeal was appointed, in accordance with the prayer of the petition, receiver to take charge of the property of the alleged bankrupts and of each of them, and to hold the same until the further order of the court.

On April 4, 1905, a petition was presented to the District Court by Stanley Francis, praying the court to revoke the appointment of the receiver, and thereupon a rule was granted upon the receiver to show cause why the appointment of the receiver should not be revoked, and an order was made staying all proceedings under the receivership until the disposition of said rule. To the petition of Francis, the petitioning creditor filed an answer. The rule to show cause why the appointment of the receiver should not be revoked having been duly heard by the court, the prayer of the petition of Stanley Francis to revoke the appointment of the receiver was refused. Thereafter Francis presented his petition for review to this court. This petition, after reciting the proceedings in the District Court, proceeds thus:

"That on the 28th day of April, 1905, the Honorable James B. Holland refused the prayer of the petition to revoke appointment of receiver. That the said decision was erroneous in matter of law, in that your petitioner has been deprived of his property without due process of law, in violation of the fifth article of the Constitution of the United States. Wherefore your petitioner feels aggrieved because of such ruling, and asks that same may be revised in matter of law by your honorable court, as provided in section 24b of bankruptcy laws of 1898, and rules and practice in such case provided."

The bankrupt act of 1898 provides, in section 2, subd. 3, that the court sitting in bankruptcy may "appoint receivers or the marshals, upon application of parties in interest, in case the court shall find it absolutely necessary, for the preservation of estates, to take charge of the property of bankrupts after the filing of the petition and until it is dismissed or the trustee is qualified." Bankr. Act July 1, 1898, c. 541, 30 Stat. 545 [U. S. Comp. St. 1901, p. 3420]. Now, as respects the matter of notice, it will be observed that the bankrupt act does not expressly require notice to be given the bankrupt before the appointment of a receiver, under the provision quoted. Such appointment, moreover, does not deprive the bankrupt of his property without due process of law, for the appointment is essentially for the temporary custody of his property with a view to its preservation. Furthermore, there occur well-recognized instances of such urgency as to dispense with notice; as where irreparable loss or injury is impending, or where notice might defeat the very purpose of the receivership. We are, indeed, clearly of opinion that except in rare cases a receiver ought never to be appointed without notice to the alleged bankrupt.

Turning now to the case before us, it is to be noted that immediately after the appointment of the receiver, Francis, the alleged bankrupt, applied to the court to revoke the appointment, the court entertained his petition, a rule was granted to show cause why the appointment should not be revoked, and pending the rule the court stayed all proceedings. After answer to the rule, the court heard the case and refused to revoke the appointment of the receiver. This refusal is what the present petition brings before us for revision, and we are asked to declare that this decision of the court below, after hearing, refusing to revoke the appointment of its receiver, was in matter of law erroneous. This we are not prepared to do. We have carefully considered the argument of the petitioner, but we see no reason to re-

vise in matter of law the proceedings of the District Court. That court had the parties before it and the facts, and we are not able to say that error of law appears which it is our duty to correct.

Accordingly the prayer of the petitioner for revision is denied.