## LUND v. JOHNSON, DRAKE & PIPER, Inc., et al.

### No. 1552.

District Court, D. Minnesota, Fourth Division.

Dec. 27, 1945.

Maugridge S. Robb, of Minneapolis, Minn., for the motion.

John A. Goldie and Samuel I. Sigal, both of Minneapolis, Minn., opposed.

NORDBYE, District Judge.

This cause came before the Court on a notice of motion by the defendant Johnson, Drake & Piper, Inc., for the determination of the first defense set forth in its answer to the complaint of the plaintiff.

While the first defense of the moving defendant is designated in the answer as a demurrer, the motion is made "on all the files, records, and the pleadings and exhibits attached to said pleadings and all thereof." The parties have presented and briefed the matter as if the motion was for judgment on the pleadings, and the Court will so consider it; that is, the parties have in effect presented to the Court the question as to whether, on all the pleadings and the' records submitted, the defendant Johnson, Drake & Piper, Inc., is entitled to judgment. Thus, a motion embraced within the scope of Rule 12(c), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, is before the Court.

In January, 1942, plaintiff was employed under a written contract by the defendant Johnson, Drake & Piper, Inc., as a carpenter in connection with construction work to be performed by the employer outside of the continental limits of this country. He was sent to Africa. There he contends he was obliged to be and travel, by reason of his employment, in an area where malaria-bearing mosquitoes abounded. He contends that he was bitten by a malaria-bearing mosquito or mosquitoes and contracted the disease of malaria. He seeks compensation from this defendant in accordance with the compensation laws of the State of New York.

The basis for his contention that he is entitled to compensation according to the New York statutes is as follows: In the contract for employment, the employer agrees to provide "adequate Workmen's Compensation Insurance or Employer's General Liability Insurance for the benefit and protection of Employee as determined by the Army Officer in Charge." In compliance with this provision, and apparently as approved by the required army authority, the employer, Johnson, Drake & Piper, Inc., procured a workmen's compensation policy from the other defendant herein, the Liberty Mutual Insurance Company, noted therein as the Company, with a voluntary compensation endorsement which provided that, if an employee of the Johnson, Drake & Piper, Inc., "shall sustain an injury, which is of a kind and is sustained under circumstances and conditions which would have rendered this Employer liable for benefits under the Workmen's Compensation Law of New York, if the injury had been sustained by employee in the State of New York while at work in New York employment the Company agrees voluntarily, on behalf of this Employer, to provide the same medical, surgical and hospital treatment, and to pay the same compensation benefits as the Employer would have been liable for under the Workmen's Compensation Law of New York, to the injured employee, * * *."

Plaintiff recognizes that this policy is the insurance contract procured in pursuance of the agreement made by the employer in the employment contract. This suit against the insurance company is solely predicated on the insurance policy which plaintiff alleges is in full force and effect for his benefit. Thus, it seems clear that, if the malaria contracted by plaintiff in the course of his employment is an injury covered by the terms of the New York Workmen's Compensation Act, Consol.Laws, c. 67, then the resulting illness is covered by the insurance contract referred to herein; that is, the voluntary compensation endorsement would appear to be for the benefit of a class of which plaintiff is a member. But the question arises on this motion as to the liability of the defendant employer for any compensation to which the plaintiff may be entitled.

 A reading of the complaint definitely indicates that plaintiff is seeking to recover compensation on a contract, not by reason of any common or statutory law. It is not alleged that the employer defendant is liable under the New York Compensation Act, or any other compensation act. Apparently, it is not denied that, under the laws of New York, the Workmen's Compensation Act of that State does not apply where the workman performed his entire duties outside the territorial limits of the State of New York. Cameron v. Ellis Construction Co., 252 N.Y. 394, 169 N.E. 622; Copeland v. Foundation, 256 N.Y. 568, 177 N.E. 143; Amaxis v. Vassilaros, 258 N.Y. 544, 180 N.E. 325; Jensen v. Boudin Contracting Corp., 283 N.Y. 572, 27 N.E.2d 437. Moreover, neither plaintiff nor his employer is a resident of the State of New York. Plaintiff contends, however, that the contract between the employer and the employee, coupled with the insurance contract procured in pursuance thereof, spells out contract liability for the employer as well as the insurance company. But a fair construction of the undisputed facts will not sustain plaintiff in his contention. In Article VI of the contract of employment, the employer agrees to provide adequate workmen's compensation insurance or employer's general liability insurance for the benefit and protection of the employee as determined by the army officer in charge. In paragraph VI of the complaint, the following allegation appears:

"Pursuant to the terms of said Article VI (of the contract between employer and employee) defendant-employer obtained from the defendant-insurer (Liberty Mutual Insurance Company) a Workmen's Compensation policy with a voluntary compensation endorsement, whereby plaintiff or his dependents were to be paid benefits in accordance with the provisions of the compensation laws of the State of New York in the event of injury or death by accident or occupational disease arising out of and in the course of his said employment. Said Work-

men's Compensation policy was in full force and effect at all times hereinafter mentioned, and particularly at the time of the accident hereinafter described and at the time he sustained and contracted the disease of malaria hereinafter described; and at all times herein material said Workmen's Compensation policy covered plaintiff as an employee thereunder. By the terms of said compensation policy and endorsement, plaintiff was and is entitled to receive the same Workmen's Compensation benefits as if he came within the jurisdiction of the State of New York."

There is no contention in the complaint or otherwise that the insurance procured by the employer is not adequate or that the provisions of the employment contract have not been fulfilled. Indeed, it would seem from paragraph VI of the complaint which is quoted above that plaintiff recognizes that the employer has done that which he agreed to do, because after setting forth the agreement to provide insurance, and then alleging that the insurance was procured through the defendant insurance company, plaintiff's only allegation claiming any liability on the part of his employer is to be found in paragraph XV of the complaint wherein he concludes: "By reason of the premises aforesaid, plaintiff is entitled to compensation and compensation benefits in accordance with the compensation laws of the State of New York, to be paid by said defendants and each of them." But no facts or circumstances are pleaded in the complaint which justify this conclusion; that is, plaintiff fails to set forth in this complaint any provisions of the employment contract or the insurance contract which suggest any liability of the employer to do anything more than to provide adequate insurance. It is to be doubted that plaintiff alleges facts in his complaint, as distinguished from the conclusion, upon which relief may be granted to him, but, in any event, it would seem that an analysis of the exhibits attached to the pleadings furnishes no support for the conclusion of liability which the plaintiff asserts. Certainly, article VII of the employment contract does not aid plaintiff in any theory of liability on the part of the moving defendant. This provision pertains to certain special death and disability benefits inuring to the plaintiff in case of death or injury as the result of war hazards. But the illness sustained by plaintiff is not alleged to be a war hazard. It is obvious that plaintiff does not seek in his complaint to come under article VII because he seeks compensation as provided by the New York Compensation Act, not the lump sum benefits to which he would be entitled if his injury was caused by a war hazard. The only other paragraph in the employment contract which plaintiff emphasizes is article XV(b), which reads: "It is agreed that the obligation of the respective parties hereto shall be construed under and governed by the laws of the State of New York." But clearly this provision does not suggest that the employer assumes any liability under, or in accordance with, the New York Compensation Act. This provision simply means that the various covenants set forth in the contract of employment are to be "construed under and governed" according to the laws of the State of New York. This is a customary provision in contracts so that the troublesome question of conflict of laws may be set at rest if it should be at any time necessary to determine which law or laws govern the various agreements to which the parties had subscribed.

Nor are there any provisions in the insurance contract itself which suggest any contract liability of the employer with reference to the payment of compensation insurance. In this connection, it may be noted that the insurance contract assumed to cover contingencies which have not arisen here; that is, the coverage was quite extensive in that it was assumed that the contemplated employment may take place in some state or country where a compensation act applied, and under which laws the employer would have a primary responsibility to pay compensation. However, it is not contended that there was any liability on the part of the employer by reason of any "compensation" law of the particular area in Africa where the injury took place. Then, again, an accident to the employee might occur for which the employer was liable under common or statutory law, and certain rights, therefore, would inure to the employee. The insurance contract herein makes reference to such happenings. But such contingencies are not pertinent herein and only serve to emphasize that the right which plaintiff seeks to enforce herein is accorded to him solely by the covenant made by the insurance company; that is, although the insurance contract purports to provide certain protection for the employer in cases where the employer is primarily liable by reason of law and where the insurer is only secondarily liable, the incidents or happenings

to this employee from which malaria resulted pertain to an accident for which the law affords the employee no relief against the employer other than that the insurance contract affords the employee protection if such illness or disease would have been covered by the terms of the New York Compensation Act and to the extent of the coverage provided by said Act.

Plaintiff urges that he is seeking to enforce a right as a beneficiary under a third-party contract and that he has the right to join in an action both the promisor and the promisee, or either one. Granted that this suit may be characterized as one where the plaintiff is an employee who is a member of a class for which the insurance contract was provided by the promisor (the insurance company) to the promisee (the employer), it does not follow, under the facts herein, that the promisee can be joined as a party. If no affirmative recovery can be obtained against the promisee, no cogent reason is suggested which indicates the propriety of making the promisee a party. Full and adequate relief may be obtained against the promisor without having the promisee as a nominal party. If the employer was retained as a party defendant, it seems clear under the undisputed facts that at the end of plaintiff's case the Court would be obliged to enter an order of dismissal as to this moving defendant. The rights of the plaintiff are in no way prejudiced in requiring him to proceed against the promisor alone. The situation herein is similar to that which exists where an employer obtains sickness insurance, for instance, for his employees and for which illness to his employees there is no liability on his part under any compensation act or otherwise. The only difference between such a contract and the one now under consideration is that the provisions and conditions of the assumed contract control the liability and the extent of the liability of the insurer. Here, the parties have by reference made the New York Compensation Act the contract provision which determined the liability of the insurer and the extent of such liability. Again, it may be emphasized that the plaintiff herein does not contend or suggest that the insurance coverage is inadequate, nor that the covenants to provide insurance have in any way been breached. The action is solely predicated upon an insurance contract which provides compensation benefits from the insurer alone to the plaintiff to the same extent as the New York Compensation Act

would have provided were the plaintiff subject to that Act—not for damages by reason of any breach of contract on the part of the employer. It follows, therefore, that the motion of the defendant Johnson, Drake & Piper, Inc., for judgment in its favor must be sustained. It is so ordered.

An exception is reserved to the plaintiff.