**ATLANTIC COAST LINE R. CO.**
**v. MIMS et al.**

No. 14098.

United States Court of Appeals
Fifth Circuit.

Nov. 4, 1952.

Rehearing Denied Dec. 12, 1952.

Ralph R. Quillian, Atlanta, Ga., R. A. Moore, Douglas, Ga., Douglas W. Matthews, Atlanta, Ga., for appellant.

David C. Sapp, Douglas, Ga., E. O. Blalock, Waycross, Ga., Elie L. Holton, Douglas, Ga., for appellees.

Before HUTCHESON, Chief Judge, and HOLMES and RUSSELL, Circuit Judges.

HUTCHESON, Chief Judge.

Brought under the Georgia homicide statutes, Sections 105–1302 and 105–1306 of the Annotated Code, for damages for the death of plaintiffs' parents, caused by the negligence of defendant, the suit was for the full value of their lives.

The claim was that while attempting to cross a railroad track belonging to defendant, the truck in which plaintiffs' parents were riding was struck by a locomotive, then and there being negligently operated by defendant, and their deaths resulted therefrom.

The defenses were: a denial of the charges of negligence and that defendant was responsible for the deaths; and affirmative pleas, that the engine and cars were being operated by its employees and servants with reasonable care and diligence, and that the defendant was without fault.

Fully tried to a jury, there was a verdict for plaintiffs for the full amount sued for. A motion for a new trial having been made and denied, defendant gave notice of appeal "from the judgment overruling its motion for new trial".

Here, assigning as error the action of the court in overruling defendant's motion to disallow the amended complaint and in overruling defendant's motion for new trial, the appellant sets out in its brief the points made on the motion and argues that, for the reasons stated, the overruling of the motions was reversible error.

Appellees move to dismiss the appeal because taken not from the judgment but from the order denying the motion for new trial, an unappealable order.

In the alternative, they move for an affirmance, with ten percent damages for delay, on the ground that if the appeal be held to have been properly taken so as to bring the case here, it is a frivolous appeal because the assignment that it was error not to disallow the amendment of the complaint is wholly without merit, and the other errors assigned on the overruling of the motion for new trial present nothing for our review.

While we agree with appellees that an appeal will not lie from an order overruling a motion for new trial, we agree with appellant that, though the order appealed from was misnamed, it clearly enough appears from the record as a whole that the intent was to appeal from the judgment, and that that intent should be given effect.[1]

For the same reason that, though inadequately and incorrectly, appellant's specifications of error, while directed in terms at the rulings on the motion for new trial, were intended by it to claim errors occurring on the trial, and, to the extent that they present such errors they will be considered by us, we deny appellees' motion that we affirm without consideration of the claimed errors and with damages.

When it comes, though, to the merits of the claims of error it makes, appellant finds itself greatly hampered by its failure in the course of the trial to timely call the attention of the court to the contentions it now makes. This is notably so with reference to its claim that the evidence is insufficient to support the verdict. Despite the rule [2] requiring it, as a predicate for the assignment of error, no request for an instruction to that effect, either on the case as a whole or any phase of it, was made.

We do not, therefore, consider appellant's contentions as to the insufficiency of the evidence. Indeed, since there was evidence in support of the amount found, excessiveness as matter of fact presents nothing for our consideration.[3] The only questions saved by appellant are: (1) the action of the court in allowing the amendment; and (2) its action in refusing requested charges.

As to the first question, it is sufficient to point out: that Rule 15, Federal Rules of Civil Procedure, enjoins liberality in allowing amendments, Copeland Motor Co. v. General Motors Corp., 5 Cir., 566 F.2d 199, and that pleadings are not to be dismissed unless the averments disclose

1. Sun-Lite Awning Corp. v. E. J. Conklin Aviation Corp., 4 Cir., 176 F.2d 344; Milton v. United States, 5 Cir., 120 F. 2d 794.

2. Federal Rules of Civil Procedure, rule 50, 28 U.S.C.A.; Baten v. Kirby Lumber Corp., 5 Cir., 103 F.2d 272; Marsh v. Illinois Central R. R. Co., 5 Cir., 175 F.2d 498.

3. Hogan v. Williams, 5 Cir., 193 F.2d 220, 221; Atlantic Coast Line R. Co. v. Burkett, 5 Cir., 192 F.2d 941.

with certainty that they present no ground for relief.[4]

Finally, an examination of the requests to charge in the light of the general charge of the court which, since no exceptions were taken to it, must be regarded for the purposes of this appeal as a correct statement of the law, makes it clear that no reversible error attended the failure to give them.

The judgment is affirmed.

HOLMES, Circuit Judge, dissents.

Rehearing denied; HOLMES, Circuit Judge, dissenting.

---

4. Stanaland v. Atlantic Coast Line R. R. Co., 5 Cir., 192 F.2d 432.