**HARRIS et al. v. CAPEHART–FARNS-WORTH CORP. et al.**

No. 14851.

United States Court of Appeals
Eighth Circuit.

Nov. 5, 1953.

Warren S. Earhart, Kansas City, Mo., for appellants.

Don M. Jackson, Kansas City, Mo. (Gage, Hillix, Moore & Park, W. Arnold Brannock, Thomas D. Circle, Brannock, Buck & Gray, Ralph M. Jones, and Blackmar, Newkirk, Eager, Swanson &

Midgley, Kansas City, Mo., on the brief), for appellees.

Before GARDNER, Chief Judge, and WOODROUGH and COLLET, Circuit Judges.

GARDNER, Chief Judge.

This appeal challenges the correctness of an order of the court sitting in bankruptcy which overruled three separate motions interposed by three separate individual members of the partnership against whom an involuntary petition in bankruptcy had been filed. The motions are for the most part directed to the question of the sufficiency of the allegations of the first amended petition. So far as here pertinent, the amended petition alleges after enumerating the names and residences of the petitioners:

"That Southwest Distributing Company, of Kansas City, Jackson County, State of Missouri, is a copartnership of Albert F. Harris, Emmeline Harris and Edward J. Harris, and that they are residents of said Kansas City, Jackson County, Missouri, and have, for the greater portion of six months, had the principal place of business of said copartnership, and have also had their residences in Kansas City, Jackson County, Missouri; * * *

"That said Albert F. Harris, Edward J. Harris and Emmeline Harris, both as copartners doing business as Southwest Distributing Company, and as individuals, owe debts to the amount of $1,-000.00 and over;

"That your petitioners are creditors of the said Albert F. Harris, Edward J. Harris and Emmeline Harris, copartners doing business as Southwest Distributing Company, and of Albert F. Harris, Edward J. Harris and Emmeline Harris, as individuals, having provable claims against the copartnership and against them as individuals fixed as to liability and liquidated as to amount, in excess of the value of securities held by them, if any, of over $500.00; * * *.

"That the said Albert F. Harris, Edward J. Harris and Emmeline Harris,

copartners doing business as Southwest Distributing Company, and Albert F. Harris, Edward J. Harris and Emmeline Harris, as individuals, the alleged bankrupts, are insolvent in that the aggregates of their property are not sufficient at a fair valuation to pay their debts, and that within the four months preceding the filing of this petition and while insolvent, as aforesaid, they committed acts of bankruptcy as follows:

"(1) That while insolvent, as aforesaid, the said alleged bankrupts did transfer portions of their properties to one or more of their creditors with intent to prefer such creditors over their other creditors in this, to-wit: that the said alleged bankrupts have for the past four months, and within the four months period, taken in large sums of moneys and have transferred said moneys to various and sundry creditors for various and sundry purposes, the exact transactions, the exact nature of the transactions, the exact parties preferred, the exact amount of the preference being all peculiarly known to the alleged bankrupts and disclosed only upon their books and records, to which the creditors herein have been unable to get access or ascertain the exact facts, the facts being peculiarly known to the alleged bankrupts and not being the exact and particular knowledge of the creditors herein, and hence cannot be pleaded in detail but are alleged, all of which may be substantiated from the said books and records of the said alleged bankrupts upon the taking of evidence and the examination of witnesses in this cause.

"(2) Suffer or permit, while insolvent, certain creditors to obtain preferences through legal proceedings and not having at least five days before a sale or other disposition of the properties affected by such preference vacated or discharged said preferences, the exact transactions, the exact nature of the transactions, the exact amount of the properties involved, and the particular properties involved being all peculiarly known to the alleged bankrupts and disclosed on their books and records, to

which the creditors herein have been unable to get access or ascertain the exact facts, the facts being peculiarly known to the alleged bankrupts and not being the exact and particular knowledge of the creditors herein and hence cannot be pleaded in detail but are alleged, all of which may be substantiated from the said books and records of the said alleged bankrupts upon the taking of evidence and the examination of witnesses in this cause.

"(3) Suffer and permit, while insolvent, certain creditors to obtain through legal proceedings, levies, attachments, judgments and other liens and not having vacated and discharged the same within thirty days from the date such levies, attachments, judgment and other liens were obtained, in that the said alleged bankrupts did permit various creditors to take action during the past four months and obtain judgments and other liens and not having vacated and discharged the same within thirty days from the date such judgments or other liens were obtained, the exact transactions, the exact nature of the transactions being all peculiarly known to the alleged bankrupts, and disclosed only upon their books and records, to which the creditors herein have been unable to get access or ascertain the exact facts, the facts being peculiarly known to the alleged bankrupts and not being within the exact and particular knowledge of the creditors herein and hence cannot be pleaded in detail but are alleged, except that your petitioners specifically state that the alleged bankrupts herein are the judgment debtors, jointly and severally, in a cause in the United States District Court for the Western Division of the Western District of Missouri, entitled A. J. Lindeman & Hoverson Company, a Wisconsin Corporation, Plaintiff, versus Albert F. Harris, Edward J. Harris and Emmeline Harris, copartners doing business as Southwest Distributing Company, Defendants, wherein judgment was rendered on November 1, 1952, for the sum of $25,328.67, with interest at 6% per annum from September 24, 1951 until paid, and for costs, said judgment having become final on December 20, 1952, and that said judgment has not been vacated and discharged within thirty days from the date said judgment was rendered, or within thirty days from the date upon which it became final, and became a lien, and your petitioners allege that this constitutes an act of bankruptcy within the purview and meaning of the Acts of Congress relating to bankrupts.

"(4) While insolvent, conveyed, transferred, concealed or removed, or permitted to be concealed or removed, a portion of their property with intent to hinder, delay or defraud their creditors herein and your petitioners, the exact nature of the transfer, conveyance and removal all being peculiarly known to the alleged bankrupts and disclosed upon their books and records, to which the creditors herein have been unable to get access or ascertain the exact facts, the facts being peculiarly known to the alleged bankrupts and not being within the exact and particular knowledge of the creditors herein and hence cannot be pleaded in detail but are alleged, all of which may be substantiated from the said books of the said alleged bankrupts upon the taking of evidence and examination of witnesses in this cause."

Petitioners following the filing of their petition made application for the appointment of a receiver and in this application re-alleged the grounds of bankruptcy as charged in their petition and charged that the filing of the petition would in all probability not provide sufficient and adequate protection of the assets during the pendency of the proceedings and hence a receiver was necessary to preserve the assets of the estate until adjudication was had and a trustee appointed. On presentation of this application without previous notice to the alleged bankrupt a receiver was appointed as requested. The court fixed bond to be given by the receiver in the sum of $7,500.00 and fixed the bond of the petitioning creditors at $5,000.00. These bonds were given in the amount desig-

nated and were approved by the court. Each of the three members of the alleged bankrupt filed a motion to dismiss the petition. The motion of Albert F. Harris charged that:

"1. Said petition does not state sufficient facts to confer jurisdiction upon said court and over movant and said partnership.

"2. Said petition does not state facts sufficient to state a claim or cause of action upon which relief can be granted in this proceeding.

"3. Said petition does not state facts sufficient to constitute acts of bankruptcy."

Other charges contained in this motion are not deemed material or are covered by grounds stated in the motions of other movants. The motion of Emmeline Harris embodied the above noted grounds set out in the motion of Albert F. Harris and in addition charged that the receiver was appointed without proper and required notice and that the receiver was appointed without a sufficient indemnifying bond from the petitioning creditors. The motion of Edward J. Harris embodied the foregoing grounds set out in the motion of Emmeline Harris and in addition thereto moved that the bond of the petitioning creditors be increased. The motions were apparently all presented at the same time and were all overruled by one order. Appellants contend as they did in the trial court: (1) That the petition was fatally defective because it did not allege that the alleged bankrupts were residents of Kansas City, Jackson County, Missouri for the greater portion of the six months preceding the filing of the petition; (2) That the petition did not state facts sufficient to constitute acts of bankruptcy; (3) That the court erred in appointing a receiver without notice to the alleged bankrupts; (4) That the court erred in denying their motions to increase the bonds of the petitioning creditors and the bond of the receiver.

■ It is contended that the petition was fatally defective because it failed to allege that the alleged bankrupts resided in Kansas City, Jackson County, Missouri for the greater portion of the six months "preceding" the filing of the petition. It appears however, that this petition was an amended petition. The petition as originally filed contained the allegation that the alleged bankrupts had for the greater portion of the six months "preceding" the filing of the petition the principal place of business and residences in Kansas City, Jackson County, Missouri. In addition to this, the entire record abundantly shows facts proving that the court had jurisdiction. Howe v. Howe & Owen Ball Bearing Co., 8 Cir., 154 F. 820; Norton v. Larney, 8 Cir., 289 F. 395; Mexican Central Railway Co., Limited v. Pinkney, 149 U.S. 194, 13 S.Ct. 859, 37 L.Ed. 699.

The Supreme Court has held that for jurisdictional purposes a pleading, though superseded by an amended pleading, is still a part of the record. Mexican Central Railway Co., Limited v. Pinkney, supra. The contention that the court was without jurisdiction is wholly without merit.

[2–4] It is next contended that the court erred in overruling the motion of appellants to dismiss the petition upon the grounds that it did not state facts sufficient to constitute acts of bankruptcy. As has been observed, the petition alleged four acts of bankruptcy as hereinabove set forth. If any one of these grounds is sufficient then the court properly overruled the motion to dismiss. On such a motion all the allegations in the pleading are deemed to have been admitted as true. Leimer v. State Mutual Life Assur. Co., 8 Cir., 108 F.2d 302; Publicity Building Realty Corp. v. Hannegan, 8 Cir., 139 F.2d 583; Cohen v. United States, 8 Cir., 129 F.2d 733; Fuerst v. Noell, 8 Cir., 156 F.2d 257. Disposition of cases on motion to dismiss can not be sanctioned except where the case is free from doubt. As said by us in Publicity Building Realty Corp. v. Hannegan, supra [139 F.2d 586]:

"Rule 22(2) of the Federal Rules of Civil Procedure, 28 U.S.C.A., following

section 723c, provides that actions brought under § 24(26) of the Judicial Code as amended, Title 28 U.S.C.A. § 41(26), shall be conducted in accordance with those Rules. The Federal Rules of Civil Procedure do not sanction the disposition of doubtful issues of fact or law upon motions to dismiss for insufficiency of pleadings. The Rules contemplate a determination of all such issues by the trial court after a hearing, and that the trial court shall make findings of fact and conclusions of law, to the end that the parties to the litigation and the reviewing court may know the exact factual and legal basis for the trial court's decision."

With this rule of practice in mind we turn to a consideration of the alleged acts of bankruptcy. Title 11 U.S.C.A. Chapter 3, Section 21, sub. a(3) defines the third act of bankruptcy as follows:

" * * * or (3) suffered or permitted, while insolvent, any creditor to obtain a lien upon any of his property through legal proceedings or distraint and not having vacated or discharged such lien within thirty days from the date thereof or at least five days before the date set for any sale or other disposition of such property; * * *."

■ In the amended petition the alleged bankrupt is charged in substantially the words of the statute with having suffered or permitted while insolvent a creditor to obtain a lien upon its property through legal proceedings or distraint, and not having vacated or discharged such lien within thirty days from the date thereof, or at least five days before the date set for any sale or other disposition of such property. In addition to the general allegation following the words of the statute the petition sets forth the name of the creditor in whose favor a judgment had been permitted to be entered, states the date and amount of the judgment, alleges that the judgment has become final and that said judgment had not been vacated and discharged within thirty days from the date said judgment was rendered or within thirty days from the date upon which it became final and a lien. It is

argued that the mere entry of the judgment was not sufficient to create a lien upon the bankruptcy property. However, the petition alleged that it became a lien and the motion must be taken as admitting as true this allegation. The manner in which it became a lien is not material as the ultimate fact that it became a lien was admitted by the motion. We think the allegation set out the facts with reference to the alleged act of bankruptcy with sufficient particularity.

In view of our conclusion as to the sufficiency of the allegation charging the alleged bankrupt with permitting a judgment to be rendered against it which became a lien and which had not been vacated, we deem it unnecessary to consider with particularity the other three charges as to acts of bankruptcy committed by the alleged bankrupt. We have, however, examined them with care and think they are sufficient as against the grounds urged in the motions to dismiss.

What has been said with reference to the sufficiency of the allegations charging acts of bankruptcy is equally applicable to the motions to strike portions of the amended petition. If, as we have held, the charges with reference to the acts of bankruptcy are sufficient, the denial of appellants' motions to strike could not be prejudicial.

■ It is vigorously argued that the appointment of a receiver in this proceeding without notice to the alleged bankrupts was improper and it is urged that the practice was violative of a local rule of the trial court. The existence of such a local rule has not been clearly established, but be that as it may, the practice is governed by the federal statute rather than local rule of the trial court. The statute does not specifically require that notice be given and the application for the appointment of a receiver charged that it was necessary that such an appointment be made to preserve the rights of creditors. Ordinarily notice should be given but we can not say that in the instant case there was not necessity for the appointment without notice. Kattelman v. Madden, 8 Cir., 88

F.2d 858. In fact, the court in its order recites that the court was satisfied that the appointment of a receiver was necessary to preserve the estate and prevent loss to it and that this was the basis upon which the appointment was made. Immediately following the appointment of a receiver appellants interposed a motion to vacate and set aside the order of appointment on the ground that it had been made without notice. They were heard on this motion and the motion was denied. Thus appellants not only had an opportunity to question the action of the court and the propriety of such action but actually did so. In these circumstances the action of the court in appointing the receiver without notice to the appellants can not be said to have been prejudicial. Kattelman v. Madden, supra; Latimer v. McNeal, 3 Cir., 142 F. 451.

It is finally urged that the court erred in denying appellants' motions to increase the bond of the receiver and that of the petitioning creditors. The bond of the receiver was fixed at $7500, and the other at $5,000. It is conceded that the trial court had a discretion in this matter and there is nothing in the record which convinces us that this discretion was abused.

We have carefully considered all the contentions urged by appellants on this appeal and find them wholly without merit. The order appealed from is therefore affirmed.