**WHITMARSH**

v.

**DURASTONE CO. (D'AGOSTINO et al., third-party defendant).**

Civ. No. 1625.

United States District Court, D. Rhode Island.

July 6, 1954.

Samuel Temkin and John B. Kelaghan, Providence, R. I., for plaintiff.

Benjamin F. Lindemuth and Daniel S. T. Hinman, Providence, R. I., for defendant.

William A. Gunning, Providence, R. I., for third-party defendant.

DAY, District Judge.

In this action the plaintiff seeks to recover from the defendant, Durastone Company, certain expenditures alleged to have been made by him to discharge and compromise an action at law previously instituted against him by the administrator of the estate of a workman killed during the construction of a building being erected by plaintiff for another as a general contractor.

The complaint in substance alleges that on September 12, 1950, plaintiff entered into a contract with one Barber to erect a single story garage in the Town of East Providence in the State of Rhode Island; that on October 3, 1950, the defendant agreed with the plaintiff for a valuable consideration to furnish and erect the roof of said building; that thereafter the defendant employed one Domenic D'Agostino d/b/a Providence Crane Service to set the planks in the roof as required under its contract with the plaintiff; that on November 28, 1950, one Michael Mello, an employee of said Providence Crane Service, was killed while engaged in setting the planks in the roof, as instructed by the defendant, when a steel beam upon which the planks were to rest was overloaded; that the immediate cause of the death of said Mello was the negligence of the defendant; that thereafter the administrator of the estate of said decedent instituted an action at law against the plaintiff in the Superior Court of the State of Rhode Island in and for the County of Providence in the amount of $50,000 for damages caused by his death; that the plaintiff notified the defendant of the pendency of this action and demanded that it take over the defense thereof; that defendant failed to take over the defense of said action and that after three days of trial the plaintiff submitted to the entry of a decision in the sum of $3,000 in favor of the plaintiff, and thereafter paid said amount in satisfaction of the judgment entered on said decision.

He further alleges that any liability on his part for the death of the decedent arose out of the contractual relationship between the plaintiff and the defendant, and seeks the recovery of said sum of money plus the amount claimed to have been expended by him for attorney's fees, court costs and witness fees in connection with said action at law.

The defendant, Durastone Company, in its answer admits the jurisdiction of this Court, denies that the expenditures claimed by the plaintiff were reasonable and prudent, that the immediate cause of the death of the decedent was its negligence and that any liability on the part of the plaintiff for the death of the decedent arose out of his contract with the defendant. The remaining allegations of the complaint are neither admitted nor denied by the defendant which leaves the plaintiff to his proof thereof.

Subsequent to filing its answer the defendant moved under Rule 14(a), Fed. Rules Civ.Proc. 28 U.S.C.A., for leave as a third-party plaintiff to make the said Domenic D'Agostino d/b/a Providence Crane Service a third-party defendant in this action.

This motion was granted. Thereafter defendant as third-party plaintiff filed its complaint and process was issued and served upon said third-party defendant.

In its complaint third-party plaintiff alleges in substance that plaintiff has instituted his action against it, and annexes to its complaint a copy of plaintiff's complaint; that it had engaged third-party defendant for a valuable consideration to pick up, move and lay certain concrete slabs in their proper places on the one story building described in the original complaint filed in this action; that one Michael Mello was killed during the performance of said work; that it had notified third-party defendant to come in and defend this civil action; that third-party defendant has refused to do so; that it has denied any liability in its answer as defendant, and alleged that such liability, if any exists, rests with third-party defendant because it, the third-party plaintiff, had no right to exercise any control over the methods used

to raise and set out the slabs, did not exercise any such control, and did not furnish any of its employees or any tools or equipment in connection with said work. The third-party complaint demands judgment against third-party defendant for all sums that may be adjudged against third-party plaintiff in favor of the plaintiff.

This matter is now before the Court on (1) the motion of the defendant to dismiss the complaint, and on (2) the motion of the third-party defendant to dismiss the third-party complaint.

The motion of the defendant to dismiss the complaint is based upon the grounds that (a) the action was not commenced within two years after the cause of action accrued, (b) that the liability of plaintiff in the action for the expenditures for which he seeks indemnity was not adjudicated, (c) that the complaint fails to state a claim against it upon which relief can be granted, and (d) that the Court has no jurisdiction over the claims set forth in said complaint.

The motion of the third-party defendant to dismiss the third-party complaint is based upon the grounds that it fails to state a claim against third-party defendant upon which relief can be granted, and that this Court has no jurisdiction over the claim set forth in that complaint.

Filed in support of this motion is an affidavit to the effect that the decedent and third-party defendant prior to his death had elected to become and had become subject to the Workmen's Compensation Act of Rhode Island, Gen.Laws 1938, c. 300; that after his death a final settlement was made between third-party defendant and the sole dependent of the deceased, and all benefits due said dependent under said Act were paid to her; that the action at law referred to in the complaint in this action was brought by the administrator of the estate of said decedent under an agreement with the third-party defendant to indemnify him or his insurer for the amount of compensation paid to the dependent of the deceased and that the rights of said third-party defendant or his insurer to any indemnity have been fully satisfied; that the payment by said plaintiff was a voluntary payment and not a payment made under compulsion and that the third-party complaint shows no primary responsibility on the part of the third-party defendant.

The Court will first consider the motion of the defendant to dismiss the complaint against it. It is generally held that a complaint should not be dismissed for failure to state a claim unless it appears to a certainty that no state of facts which could be proved in support of its allegations would entitle the plaintiff to relief. For purposes of a motion to dismiss, a complaint should be viewed in the light most favorable to the plaintiff. Atlantic Coast Line R. Co. v. Mims, 5 Cir., 1952, 199 F.2d 582; John Walker & Sons v. Tampa Cigar Co., Inc., 5 Cir., 1952, 197 F.2d 72; Callaway v. Hamilton Nat. Bank of Washington, 90 U.S.App.D.C. 228, 195 F.2d 556.

In the present case it cannot be said from an examination of the plaintiff's complaint that it appears with certainty that the plaintiff is not entitled to relief under any state of facts that he may prove in support of his complaint. The complaint alleges that the defendant for a consideration entered into a contract with plaintiff to do certain work for him. Clearly it was under a duty to the plaintiff to do that work in a careful and prudent manner. It is not for the Court to speculate as to the nature of the proof which the plaintiff may present in support of his complaint.

It is conceivable that plaintiff may prove a certain state of facts which would entitle him to relief from the defendant. Washington Gaslight Co. v. District of Columbia, 1896, 161 U.S. 316, 16 S.Ct. 564, 40 L.Ed. 712; George A. Fuller Co. v. Otis Elevator Co., 1918, 245 U.S. 489, 38 S.Ct. 180, 62 L.Ed. 422; Standard Oil Co. v. Robins Dry Dock & Repair Co., 2 Cir., 1929, 32 F.2d 182. It is the opinion of this Court that grounds (c) and (d) of the defendant's motion are without merit.

■ Defendant also urges as a ground for its motion that this action was not commenced within a period of two years after plaintiff's cause of action accrued. Without deciding that there is a limitation of two years for the commencement of plaintiff's action, the Court finds that it is now too late for the defendant to raise this defense. As hereinbefore set forth defendant filed its answer prior to the filing of its instant motion and did not raise the defense of the Statute of Limitations therein. The defense of the Statute of Limitations not having been set forth in the answer must be deemed to have been waived. Roe v. Sears Roebuck & Co., 7 Cir., 1943, 132 F. 2d 829.

■ The remaining ground of defendant's motion is that the liability of the plaintiff for the expenditures for which he seeks indemnity was never adjudicated but was assumed by him by way of settlement and submission to judgment. Defendant cites no legal authorities in support of this contention. The voluntary payment or submission to judgment by a person who thereafter seeks indemnity from the actual wrongdoer does not defeat his right to recovery. It merely varies the degree of proof required to establish the liability of the person from whom such indemnity is sought. Wise Shoes, Inc. v. Blatt, 1933, 107 Pa.Super. 473, 164 A. 89; Globe Indemnity Co. v. Schmitt, 1944, 142 Ohio St. 595, 53 N.E. 2d 790; Frank Martz Coach Co. v. Hudson Bus Transp. Co., 1945, 23 N.J.Misc. 342, 44 A.2d 488; 42 C.J.S., Indemnity, § 25.

It is the judgment of the Court that all the grounds of the defendant's motion to dismiss are insufficient in the law and the motion is therefore denied.

■ In its third-party complaint the defendant states a cause of action for indemnity against the third-party defendant for the amount of any recovery which may be had by plaintiff against it. It alleges therein the existence of a contractual relationship between it and the third-party defendant and alleges in substance that any liability for the claim asserted against it rests upon the latter, who had sole control over the performance of the work in which the decedent was engaged when he was killed.

The motion of third-party defendant to dismiss the complaint against him on the ground that it fails to state a claim upon which relief can be granted is subject to the same observations hereinbefore made with respect to the motion of the defendant to dismiss the complaint against it. It is likewise conceivable that the third-party plaintiff may prove thereunder a state of facts that would entitle it to relief in the event it is adjudged to be liable to the plaintiff herein.

■ In support of his motion to dismiss, third-party defendant has also argued that since he has discharged his obligation to the dependent of the deceased under the Workmen's Compensation Act of Rhode Island, no further liability can be imposed upon him and in support of this contention relies upon the provisions of Sec. 6 of Article I of said Act, which are as follows: "§ 6. The right to compensation for an injury, and the remedy therefor granted by this chapter, shall be in lieu of all rights and remedies as to such injury now existing, either at common law or otherwise; and such rights and remedies shall not accrue to employees entitled to compensation under this chapter while it is in effect."

The Workmen's Compensation Act of Rhode Island provided a new system of compensation for personal injuries to employees arising out of and in the course of their employment. Provision is made therein for definite compensation to the employee or if death results from the injury to his dependents. National India Rubber Co. v. Kilroe, 1934, 54 R.I. 333, 173 A. 86.

Its purpose was to provide a simple and expeditious procedure by which an employee or his dependents would receive from his employer compensation for injuries sustained in industrial accidents. It abolished the employee's right to maintain a common law action

for his injuries against his employer who in turn was deprived of certain common law defenses previously available to him.

The Act recognized, however, that an employee might be injured under circumstances creating a responsibility to pay upon a person other than the employer. In view of this possibility, it is provided in section 20 of Article III of the Act that where the injury for which compensation is payable was caused under circumstances creating a liability in some person other than the employer to pay damages in respect thereof, the employee may proceed both against such person to recover damages and against his employer for compensation, but shall not be entitled to receive both damages and compensation. This section further provides that if the employee has been paid compensation, the person by whom the compensation has been paid shall be entitled to indemnity from the person so liable to pay damages and to the extent of such indemnity shall be subrogated to the rights of the employee to recover damages for such injury. Mingo v. Rhode Island Co., 1918, 41 R.I. 423, 103 A. 965; McArthur v. Dutee W. Flint Oil Co., 1929, 50 R.I. 226, 146 A. 484.

Manifestly the purpose of this section is to preserve to the injured employee his common law right of action for damages against the third party whose negligence caused his injuries and to relieve the employer from the payment of compensation for such injuries when the employee recovers damages against the party whose negligence caused them.

To say that Sec. 6 of Article I of the Act is designed to insulate the employer from all liability to a third party for his negligence from whom the employee has recovered damages would be to read into the Act a provision which it does not contain. Liability for indemnity may arise from contractual relations between the employer and the third party, such as are alleged in the third-party complaint. The right to indemnity can arise by express contract or may be predicated on the circumstances surrounding the contractual relationship between the employer and the third party. The claim for indemnity is independent of and does not derive from the injury to the employee, except in a remote sense not within the provisions of said Sec. 6 of Article I. While the effect to be given to said section in a situation such as is here presented has not as yet been decided by the Courts of Rhode Island, it is generally held elsewhere that such a claim for indemnity is not barred by similar provisions in other compensation acts. See Westchester Lighting Co. v. Westchester County Small Estates Corporation, 1938, 278 N.Y. 175, 15 N.E.2d 567; Burris v. American Chicle Co., 2 Cir., 1941, 120 F.2d 218; Rich v. United States, 2 Cir., 1949, 177 F.2d 688; American District Telegraph Co. v. Kittleson, 8 Cir., 1950, 179 F.2d 946; Crawford v. Pope & Talbot, Inc., 3 Cir., 1953, 206 F. 2d 784. The reasoning of the opinions in these cases appeals to this Court and in the absence of any decision by the Courts of Rhode Island deciding the effect to be given to said Sec. 6 of Article I, it is the opinion of this Court that the provisions of said section do not bar a claim for indemnity against an employer under the circumstances alleged by the third-party plaintiff.

The case of Slattery v. Marra Bros., Inc., 2 Cir., 1951, 186 F.2d 134, cited by third-party defendant in support of his motion is clearly distinguishable from this case. In that case there was no contractual relationship existing between the employer of the injured workman and Marra Bros., Inc. which demanded that the employer indemnify it for any damages that the employee might recover.

Accordingly it is the judgment of this Court that the motion of the third-party defendant to dismiss the third-party complaint be and it is hereby denied.