Herman **FISCHER**

v.

**UNITED STATES FIDELITY AND GUARANTY COMPANY.**

**Civ. A. No. 1723.**

United States District Court
D. Rhode Island.

July 19, 1956.

Frank J. McGee, Providence, R. I., for plaintiff.

Francis V. Reynolds, Richard P. McMahon, Providence, R. I., for defendant.

DAY, District Judge.

In this action jurisdiction of which is based upon diversity of citizenship and the existence of a controversy in the required amount the defendant has moved to dismiss the plaintiff's complaint or, in the alternative, for summary judgment upon the ground that said complaint fails to state a claim upon which relief can be granted.

Plaintiff's complaint is very brief. After the usual jurisdictional averments it alleges that the plaintiff on, to wit, August 15, 1952, was an employee of one Laura Dean at her home in Little Compton, Rhode Island; that while so employed he was involved in an accident arising out of and in the course of his employment and resulting in serious physical injuries to him; that the defendant had entered into a contract with

his employer whereby it was to make payments in accordance with the provisions of the Rhode Island Workmen's Compensation Act, Gen.Laws 1938, c. 300, art. 1 et seq., § 1 et seq., to any of her employees who might be injured by an accident arising out of or in the course of their employment with her; and that he brings this action to recover payments in accordance with the provisions of the Rhode Island Workmen's Compensation Act and as a third-party beneficiary of the contract of insurance made between the defendant and his said employer.

The defendant contends that the complaint fails to state a claim upon which relief can be granted because (1) it affirmatively appears from the complaint that the plaintiff is asserting a claim under the Rhode Island Workmen's Compensation Act and that said Act provides as the exclusive remedy for any such claim that such claim be submitted for determination to the Rhode Island Workmen's Compensation Commission, (2) the complaint fails to allege that the plaintiff's employer complied with the terms of the Rhode Island Workmen's Compensation Act relative to the coverage of domestic employees so as to entitle the plaintiff to any benefits under said Act and (3) the plaintiff is not entitled to bring this action as a third-party beneficiary as alleged in said complaint.

The plaintiff contends that he is not seeking to enforce a claim for compensation under the Rhode Island Workmen's Compensation Act. He asserts he is seeking to recover compensation benefits under an insurance contract made for his benefit by his employer with the defendant.

As hereinbefore noted, the complaint is very brief. The alleged insurance contract upon which this action is based is not set forth in the complaint. There is no allegation therein that the plaintiff is seeking compensation under any statutory law or that the defendant is liable to him for compensation benefits under the Rhode Island Workmen's Compensation Act. On the contrary, a reading of the complaint indicates that he is seeking payments by the defendant on an insurance contract which provides for payments by the defendant to the plaintiff to the same extent for his injuries as is provided therefor in the Rhode Island Workmen's Compensation Act.

■■ A complaint should not be dismissed for failure to state a claim upon which relief can be granted unless it appears to a certainty that no state of facts which could be proved in support of its allegations would entitle the plaintiff to relief. For the purposes of a motion to dismiss, a complaint should be viewed in the light most favorable to the plaintiff. Atlantic Coast Line R. Co. v. Mims, 5 Cir., 199 F.2d 582; John Walker & Sons Ltd. v. Tampa Cigar Co., Inc., 5 Cir., 197 F.2d 72; Asher v. Ruppa, 7 Cir., 173 F. 2d 10; Whitmarsh v. Durastone Co., D.C. R.I., 122 F.Supp. 806.

From an examination of the plaintiff's complaint it cannot be said that it appears with certainty that he is not entitled to relief under any state of facts which he may prove in support of its allegations. It alleges in substance that he is a member of a class for whose benefit the alleged contract between his employer and the defendant was made and as one of the beneficiaries of said contract he seeks to recover the benefit thereof. It is not for me to speculate as to the nature of the proof which he may present in support of the allegations of his complaint. Whitmarsh v. Durastone Co., supra.

It is conceivable he may prove a state of facts that would entitle him to relief as the third-party beneficiary of the insurance contract alleged to have been made by the defendant. Cf. Lund v. Johnson, Drake & Piper, Inc., D.C.Minn., 64 F.Supp. 456. See also New Amsterdam Casualty Co. v. Jones, 6 Cir., 135 F. 2d 191; Aetna Life Ins. Co. of Hartford, Conn. v. Maxwell, 4 Cir., 89 F.2d 988; Restatement of the Law of Contracts §§ 133–147.

■ In my opinion the grounds urged in support of the defendant's motion, be

it viewed as a motion to dismiss or in the alternative as a motion for summary judgment, are insufficient in law at this stage of this action. Accordingly, the defendant's motion is denied.