Antonio ATELLA, Plaintiff,

v.

GENERAL ELECTRIC COMPANY, Defendant and Third-Party Plaintiff,

HARTWELL COMPANY, Inc., and R. W. Short, Inc., Third-Party Defendants.

Civ. A. No. 2212.

United States District Court
D. Rhode Island.

Dec. 19, 1957.

M. Louis Abedon, Providence, R. I., for plaintiff.

Lee A. Worrell, Providence, R. I., for defendant and third-party plaintiff.

Ambrose W. Carroll, Providence, R. I., for third-party defendant R. W. Short, Inc.

DAY, District Judge.

This is an action wherein the plaintiff, a painter, seeks to recover damages alleged to have been sustained while he was working as a painter on the defendant's premises. In his complaint he alleges that while so employed he was walking on a staging and came in contact with an unsecured angle iron which gave way, struck him, causing him to lose his balance, to jump from the staging to save himself from falling to the floor, and thereby sustain the injuries for which he seeks damages. Prior to filing its answer the defendant, under Rule 14 of the Federal Rules of Civil Procedure, 28 U.S.C.A., impleaded Hartwell Company, Inc. and R. W. Short, Inc. as third-party defendants. In its third-party complaint it alleges that the plaintiff has instituted his action against it and annexes to its third-party complaint a copy of the plaintiff's complaint. As to the third-party defendant, Hartwell Company, Inc., it alleges that if the plaintiff sustained injuries as a result of any dangerous condition involving installation of steel angles, such negligence was solely that of Hartwell Company, Inc. and that if he suffered injury as a result of the location of his work being unsafe, the negligence of failing to provide a reasonably safe place for the work of the plaintiff was solely and entirely that of R. W. Short, Inc., it having undertaken by contract to "paint the new boiler room and equipment for General Electric Company at the Providence base plant and to furnish all necessary equipment and labor, etc. in connection therewith", and that either of said third-party defendants is liable to indemnify and reimburse it for the whole amount of any recovery made by the plaintiff against it.

The third-party defendant, R. W. Short, Inc., has moved to dismiss the third-party complaint as to it and in sup-

port thereof argues that (1) the third-party complaint fails to state a claim upon which relief can be granted against it, (2) the Rhode Island Workmen's Compensation Act, Gen.Laws 1938, c. 300, is a bar to the third-party plaintiff's claim for indemnity and (3) there is no joint liability on the part of the third-party defendants and the third-party proceedings would result in complication of the issues to the prejudice of R. W. Short, Inc.

It is generally held that a complaint should not be dismissed for failure to state a claim upon which relief can be granted unless it appears to a certainty that no state of facts which could be proved in support of its allegations would entitle the plaintiff to relief. And for the purposes of a motion to dismiss, a complaint should be viewed in the light most favorable to the plaintiff. Lewis v. Brautigam, 5 Cir., 1955, 227 F.2d 124; Harris v. Capehart-Farnsworth Corp., 8 Cir., 1953, 207 F.2d 512; Atlantic Coast Line R. Co. v. Mims, 5 Cir., 1952, 199 F.2d 582; John Walker & Sons v. Tampa Cigar Co., 5 Cir., 1952, 197 F.2d 72; Callaway v. Hamilton Nat. Bank of Washington, 1952, 90 U.S.App.D.C. 228, 195 F.2d 556; Whitmarsh v. Durastone Co., D.C.R.I.1954, 122 F.Supp. 806.

The right to indemnity can arise by express contract or may be predicated on the circumstances surrounding the contractual relationship between the parties. In the absence of an express contract the obligation to indemnify may arise from undertakings implicit in relationships assumed.

It is conceivable that the third-party plaintiff may prove a certain state of facts that will entitle it to the relief which it seeks from the third-party defendant. Ryan Stevedoring Co. v. Pan-Atlantic Steamship Corp., 1956, 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133; Hagans v. Farrell Lines, 3 Cir., 1956, 237 F.2d 477; Shannon v. United States, 2 Cir., 1956, 235 F.2d 457; Crawford v. Pope & Talbot, Inc., 3 Cir., 1953, 206 F.2d 784; Read v. United States, 3 Cir., 1953, 201 F.2d 758; Rich v. United States, 2 Cir., 1949, 177 F.2d 688; Bethlehem Shipbuilding Corp. v. Joseph Gutradt Co., 9 Cir., 1926, 10 F.2d 769. In my opinion ground (a) of the motion is without merit.

In support of ground (b) of its motion the third-party defendant has filed an affidavit by its Treasurer setting forth that the plaintiff, as its employee at the time of his injuries, was subject to the provisions of the "Workmen's Compensation Act" of Rhode Island and had been paid compensation for his injuries. It contends that its liability to pay compensation under Sec. 6 of Art. I of said Act is exclusive of any other liability. The provisions of Sec. 6 of Art. I are as follows:

"§ 6. The right to compensation for an injury, and the remedy therefor granted by this chapter, shall be in lieu of all rights and remedies as to such injury now existing, either at common law or otherwise; and such rights and remedies shall not accrue to employees entitled to compensation under this chapter while it is in effect."

In Ryan Stevedoring Co. v. Pan-Atlantic Steamship Corp., supra, in considering the exclusionary effect of a similar provision in the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., the Supreme Court held at page 131 of 350 U.S., at page 236 of 76 S.Ct.:

" * * * While the Compensation Act protects a stevedoring contractor from actions brought against it by its employee on account of the contractor's tortious conduct causing injury to the employee, the contractor has no logical ground for relief from the full consequences of its independent contractual obligation, voluntarily assumed to the shipowner, to load the cargo properly. See American Stevedores v. Porello, 330 U.S. 446, 67 S.Ct. 847, 91 L.Ed.

1011; Crawford v. Pope & Talbot [Inc.], 3 Cir., 206 F.2d 784, 792–793; Brown v. American-Hawaiian S. S. Co., 3 Cir., 211 F.2d 16; Rich v. United States, 2 Cir., 177 F.2d 688; United States v. Arrow Stevedoring Co., 9 Cir., 175 F.2d 329.

"The shipowner's action here is not founded upon a tort or upon any duty which the stevedoring contractor owes to its employee. The third-party complaint is grounded upon the contractor's breach of its purely consensual obligation *owing to the shipowner* to stow the cargo in a reasonably safe manner * * "

In Whitmarsh v. Durastone Co., supra, in rejecting the contention of the third-party defendant that its liability under Sec. 6 of Art. I of said Act was exclusive of all other liabilities, this Court said in 122 F.Supp. at page 811:

"To say that Sec. 6 of Article I of the Act is designed to insulate the employer from all liability to a third party for his negligence from whom the employee has recovered damages would be to read into the Act a provision which it does not contain. Liability for indemnity may arise from contractual relations between the employer and the third party, such as are alleged in the third-party complaint. The right to indemnity can arise by express contract or may be predicated on the circumstances surrounding the contractual relationship between the employer and the third party. The claim for indemnity is independent of and does not derive from the injury to the employee, except in a remote sense not within the provisions of said Sec. 6 of Article I * * * "

Here the third-party complaint is grounded upon the third-party defendant's breach of its purely consensual obligation to paint the premises of the third-party plaintiff in a reasonably safe manner. Accordingly, I conclude that third-party plaintiff's action for indemnity is not barred by Sec. 6 of Article I of the Workmen's Compensation Act of Rhode Island.

■■ In my opinion, ground (c) of the third-party defendant's motion is likewise without merit. Under Rule 20 of the Federal Rules of Civil Procedure " * * * All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action * * *." One who has been properly joined as a defendant may gain his dismissal only by showing that as a matter of law, no genuine issue of material fact being present, the plaintiff is not entitled to recover from him. At this stage of these proceedings no such showing has been made.

■■ As a part of ground (c) the movant contends that the third-party proceedings would result in complication of the issues to its prejudice. I do not agree. Rule 14 of the Federal Rules of Civil Procedure provides that a defendant may bring in a third party who is or may be liable to him for all or part of the plaintiff's claim. Its objective is to avoid circuity of action and to permit a disposition in the main action of the defendant's claim for indemnity against such third party. The issues in this action, including the third-party proceedings, are such that I see no danger of their becoming complicated to the prejudice of the movant.

The motion to dismiss the third-party complaint against R. W. Short, Inc. is denied.