**BASS v. BALTIMORE & O. TERMINAL R. CO. et al.**

No. 8480.

Circuit Court of Appeals, Seventh Circuit.

June 10, 1944.

Rehearing Denied June 30, 1944.

Royal W. Irwin, of Chicago, for appellant.

Edward W. Rawlins, James F. Wright and Eric Lademann, all of Chicago, Ill. (Fay Warren Johnson, of Chicago, Ill., of counsel), for appellees.

Before EVANS, SPARKS, and MAJOR, Circuit Judges.

SPARKS, Circuit Judge..

The plaintiff appeals from an order denying his motion for a new trial in his suit under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. The principal question he seeks to present by the appeal is whether the court erred in one of its instructions to the jury relating to the assumption of risk. He asserts that the court erroneously permitted the defense of assumed risk although such defense was abolished by amendment of the Act in 1939, and relies upon the case, Tiller v. Atlantic Coast Line Co., 318 U.S. 54, 63 S.Ct. 444, 87 L.Ed. 610, 143 A.L.R. 967, in support of his contention that the instruction was erroneous. Although he did object to two of three instructions tendered by appellee on the subject of assumption of risk, none of which were used, he took no exception to the instructions as given by the court, and his counsel stated upon inquiry by the court as to whether there were any other matters, "I think you have covered it very well, Judge." The question here sought to be presented was not raised until argument on the motion for new trial, although appellant did include in the grounds for his motion, that the court erroneously instructed the jury as to the law.

A preliminary question of our jurisdiction over the appeal must be determined by us even though not raised by the parties, since we are bound to refuse sua sponte to assume jurisdiction not conferred upon us. United Drug Co. v. Helvering, 2 Cir., 108 F.2d 637; Maxwell v. Enterprise Wall Paper Mfg. Co., 3 Cir., 131 F.2d 400; Alexander v. Westgate-Greenland Oil Co., 9 Cir., 111 F.2d 769.

We must take note of the fact that there was no appeal from the judgment in this cause, the appeal being only from the order of the court in denying appellant's motion for new trial. Under the Federal practice such an order is not subject to appeal, although it may be reviewed for error in law, on appeal from a final judgment, when the ruling has been properly assigned as error. Youdan v. Majestic Hotel Management Co., 7 Cir., 125 F.2d 15, and cases there cited; Marshall's U. S. Auto Supply, Inc., v. Cashman, 10 Cir., 111 F.2d 140.

In Fairmount Glass Works v. Cub Fork Coal Co., 287 U.S. 474, 53 S.Ct. 252, 255, 77 L.Ed. 439, which appears to be the leading case on the subject of the powers of appellate courts in reviewing the action of trial courts on motions for new trials, the Court said, "Under certain circumstances the appellate court may enquire into the action of the trial court on a motion for a new trial. Thus, its denial may be reviewed if the trial court erroneously excluded from consideration matters which were appropriate to a decision of the motion, * * * or if it acted on the mistaken view that there was no jurisdiction to grant it, or that there was no authority to grant it on the ground advanced * * *." An examination of the cases there cited discloses that in each, the appeal had been taken from the judgment, not from the order on the motion.

"Motions to vacate orders, motions for rehearings or for new trials, and

like motions are addressed to the discretion of the trial court and are intended to call its attention to errors allegedly committed by it and to afford an oportunity for their correction. Orders granting or denying such motions are not appealable. * * * An appeal from the denial of a motion to vacate an order is not the equivalent of an appeal from the order itself. * * * 'We cannot review an order from which no appeal has in fact been taken, or transmute an appeal from a nonappealable order into an appeal from an appealable order which has not been appealed from.'" Jones v. Thompson, 8 Cir., 128 F.2d 888, 889, citing numerous cases. "A refusal to modify the original order, however, requires the appeal to be from the original order, even though the time is counted from the later order refusing to modify the original. An appeal does not lie from the denial of a petition for rehearing." Pfister v. Northern Illinois Finance Corp., 317 U.S. 144, 63 S. Ct. 133, 137, 87 L.Ed. 146.

Under the principles enunciated by the various federal appellate courts, Supreme and Circuit, we are convinced that we have no jurisdiction over the appeal here sought to be prosecuted, and that appeal must be, and it is hereby

Dismissed.