**John H. HENNESSY, Jr., as an Individual and d/b/a Business Systems and Service Company, a Proprietorship, Plaintiff-Appellee,**

v.

**Otis A. SCHMIDT, Defendant-Appellant.**

No. 77–1192.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 23, 1978.

Decided July 26, 1978.

Edward J. Kelly, Chicago, Ill., for defendant-appellant.

William Freivogel, Chicago, Ill., for plaintiff-appellee.

Before CUMMINGS, SPRECHER and WOOD, Circuit Judges.

HARLINGTON WOOD, Jr., Circuit Judge.

For the second time we are presented with an appeal in this case in which Hennessy seeks to recover damages for the alleged breach of a sales contract whereby he was to procure a purchaser for the corporate stock in S–R Industries owned by Schmidt. Following a bench trial, judgment was entered for Schmidt, and Hennessy appealed. Our earlier decision, 521 F.2d 1282 (7th Cir. 1975), vacated the judgment and remanded the case for "further proceedings," this court having determined that the district court instead of applying the appropriate "preponderance of the evidence" standard, had erroneously applied a "conclusive proof" standard to the evidence. In addition this court noted that the district court had applied the improper test (the "broker's fee" test) for determining whether Hennessy's activities were the proximate cause of the sale of Schmidt's shares, and that on remand Hennessy was entitled to have "the evidence in the case weighed and

determined under the appropriate standard and test" (the "finder's or business opportunity broker's fee" test). On remand, judgment was entered in favor of Hennessy, and Schmidt appeals.

## I.

A preliminary jurisdictional question must be resolved before we are able to address the merits. The notice of appeal filed by Schmidt on January 14, 1977, states he is appealing "from the Order of the District Judge of January 6, 1977, denying defendant's motion for a new trial, to vacate judgment, and for a re-hearing." This court, *sua sponte*, raised the issue of its jurisdiction, because of our decision in *Bass v. Baltimore & Ohio Terminal R. R.*, 142 F.2d 779, 780–81 (7th Cir. 1944). In *Bass* this court held, "Motions to vacate orders, motions for rehearings or for new trials, and like motions are addressed to the discretion of the trial court and are intended to call its attention to errors allegedly committed by it and to afford an oportunity [sic] for their correction. Orders granting or denying such motions are not appealable."

Initially, appellant Schmidt argues that his motion for a new trial serves a different function than that ordinarily contemplated by Fed.R.Civ.P. 59, a post-judgment motion directed to the trial court's discretion seeking correction of errors before appeal. Schmidt argues that his request for a "new trial" was not a matter within the discretion of the lower court, since it was what this court implicitly ordered in its remand order, and thus his situation falls within the rule set forth in *Mercer v. Theroit*, 316 F.2d 635, 638 (5th Cir. 1963), *rev'd on other grounds*, 377 U.S. 152, 84 S.Ct. 1157, 12 L.Ed.2d 206 (1966). In *Mercer* the court of appeals had remanded the case to the district court with directions to enter judgment for the defendant unless the plaintiff could present evidence which would justify a new trial. When plaintiff's subsequent motion for a new trial was denied, the court of appeals held that its remand order had contained an "invitation" to plaintiff to

make such a motion, and the denial by the district court was a final decision that the plaintiff had failed to meet the terms of the mandate and that, as such, the denial of the motion was "appealable."

■■■ We do not view the circumstances of this case to be within the *Mercer* rule. First, we do not view the mandate of this court directing "further proceedings" as containing an "invitation" for Schmidt to make a motion for a new trial. Further, we find that the substance of the relief sought in the post-judgment motion [1] in this case was exactly that which is ordinarily contemplated to be within a Rule 59 motion. Defendant not only argued to the court that it had erred in entering judgment without taking additional testimony, but also that the court had incorrectly computed the measure of damages and was in error in granting Hennessy pre-judgment interest.[2] It is clear to this court that the motion filed in this case was a Rule 59 motion, a post-judgment motion directed to the discretion of the trial court for correction of errors and thus is not normally an *appealable* order.[3]

Alternatively, Schmidt urges that if this court interprets his motion to be a Rule 59 motion that his notice of appeal be construed as being from the judgment. In order to do so, it is necessary for this court to determine whether the time has come to overrule our decision in *Bass*, and adopt the "clear-intent-of-the-appellant" rationale now prevailing in all the appellate courts that have addressed the issue.

In the *Bass* decision this court held that it had no jurisdiction over an appeal from the denial of a motion for a new trial, indicating that it felt constrained to reach this result because of the principles enunciated by both the Supreme Court and the other courts of appeal. 142 F.2d at 781. However, the result in *Bass* is no longer mandated or even in accord with the precedent or principles enunciated by any other appellate court.[4] The Seventh Circuit now stands alone in retaining its harsh, technical application of the rule in contrast to the Supreme Court, which has more recently advocated a "common sense" approach to the rules. *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978). Also in *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), the Court observed that the rules reject the notion that one procedural mistake may preclude a proper decision on the merits, and indicated that the rules are to be construed so as to "secure the just . . . determination of every action." *Id.* at 181, 83 S.Ct. at 230. In the *Foman* case, the Court of Appeals for the First Circuit had ruled that it did not have jurisdiction to review an appeal from a district court's denial of a motion to vacate and amend judgment. The Supreme Court held that the appeal from the denial

1. Schmidt also made a pre-judgment motion for a "new trial." In that motion he requested that further testimony be taken so that each party could "present evidence applicable to the new standard and test and the Court [would have] the opportunity to observe and judge the demeanor, accuracy and credibility of the witnesses. . . . " This was necessary according to Schmidt because the original trial judge, Judge Bauer, had since the trial been appointed to this court, and the case was assigned on remand to Judge Will. That motion, while termed a request for a "new trial," in reality was more limited than its title suggested and since it was made before entry of judgment, was in effect a motion to reopen the case and to take additional testimony. Such a motion is also not appealable, although it is reviewable, on appeal from the judgment, for abuse of discretion. *See* 6A Moore's Federal Practice, ¶ 59.04[13] (1974).

2. In his post-judgment motion for a new trial, Schmidt also stated that the findings of fact were contrary to the weight of the evidence and that the conclusions of law were erroneous in their applicability to the contract in this case. These grounds were not argued on appeal.

3. However, this does not mean that the issue is beyond review. *See* 6A Moore's Federal Practice, ¶ 59.15[1], where it is noted that when an appeal is taken from the final judgment, or treated by the court as so taken, it may bring up for *review* any legal error, including alleged abuse of discretion in the denial of the motion.

4. One commentator has stated that the *Bass* decision "no longer has any value as precedent." 11 Wright & Miller, Federal Practice and Procedure, § 2818, n. 46.

of that motion "although inept" should have been treated as an appeal from the judgment itself, noting that this was the party's intent and that there was no prejudice to the respondent, since both parties attempted to argue the merits of the judgment on appeal.

■ The general practice now followed in the appellate courts, when an appeal is mistakenly taken from the order denying the motion for a new trial when it should have been from the judgment, is to "regard the error as harmless and treat the appeal as taken from the judgment." 6A Moore's Federal Practice, ¶ 59.15[1].[5] We now overrule our decision in *Bass*[6] and adopt the general rule as stated above, subject to the following qualifications: the judgment from which the appellant intended to appeal must be final; it must be clear what judgment is involved; the motion and appeal must have been timely made; and there must be no prejudice to the other party. *See* Moore, *supra.*

■ Having examined the circumstances of the appeal here, we find that the appellant was seeking review of the judgment of the district court, including review of the issue of whether a "new trial" was required on remand, but that he mistakenly appealed from the motion for a new trial rather than from the judgment itself. We conclude, therefore, that the "clear-intent-of-the-appellant" was to appeal from the judgment, that the judgment is final, that it is clear which judgment is involved, appeal was timely made, and there is no prejudice to the respondent, since both parties attempted to argue the merits on appeal. Accordingly, we construe the appeal here as being an appeal from the judgment.

## II.

Reaching the merits of the appeal, we affirm the judgment of the district court.

The district court after an examination of the entire trial record found that "[t]he proximate cause [of the sale] was Hennessy's basic proposal worked out after conversations with both Ruck and Schmidt and formalized in Kelly's correspondence, which in turn was based on Hennessy drafts." It further concluded:

Applying the "finder's or business opportunity broker's fee test" which the Seventh Circuit found to be the proper one, we conclude that the plaintiff is entitled to the 5% fee provided by the agreement between himself and Schmidt. As in *Diversification Consultants, Inc.,* [130 Ill. App.2d 1029, 264 N.E.2d 788 (1st Dist. 1970)], it was plaintiff's basic proposal, though slightly modified in final negotiations, which the parties adopted in consummating the sale. He provided the formula and stipulated reopening of the discussions which culminated in the December 27 closing. His inactivity in the final stages of the negotiations was not his choice but that of Schmidt's agent, Kelly. Hennessy's role here was substantially greater than has been held to entitle a broker to a fee in other cases. See *Schaller v. Litton Industries, Inc.,* [307 F.Supp. 126 (E.D.Wis.1969)] and *Chiagouris v. Continental Trailways,* 50 Ill. App.2d 196, 200 N.E.2d 399 (1st Dist. 1964).

■ Appellant Schmidt argues that it was improper for the district court to enter judgment based only on the record and evidence taken at the original bench trial. His position is that the mandate of this court for "further proceedings" required that additional testimony be taken before

5. *Conway v. Pennsylvania Greyhound Lines,* 100 U.S.App.D.C. 95, 96, 243 F.2d 39, 40, n. 2 (1957); *Serzysko v. Chase Manhattan Bank,* 461 F.2d 699 (2d Cir. 1972); *Cowger v. Arnold,* 460 F.2d 219 (3d Cir. 1972); *Altvater v. Battocletti,* 300 F.2d 156 (4th Cir. 1962); *Atlantic Coast Line R. Co. v. Mims,* 199 F.2d 582, 583 (5th Cir. 1952); *Gajewski v. Stevens,* 346 F.2d 1000 (8th Cir. 1965).

6. This opinion has been circulated among all judges of this court in regular active service. No judge favored a rehearing *in banc* on the question of overruling a prior decision of this Court, *Bass v. Baltimore & Ohio Terminal R. R.,* 142 F.2d 779 (7th Cir. 1944).

judgment was entered. We disagree. When this case was previously before this court on appeal, there was no challenge to the credibility, integrity or competence of any of the witnesses nor was there a challenge to any of the documents entered into evidence. The only error in the original trial was that committed by the trial court in its evaluation of the evidence, i. e., applying the incorrect standard of proof and the improper test for determining the proximate cause of the sale of the stock. There was nothing in the facts or in our earlier opinion to suggest that any further testimony needed to be taken.[7] What was required of the district court on remand, and what was done, was to review the evidence in the record applying the correct standard or proof and applying the correct proximate cause test. A new trial, or the taking of additional testimony, was neither required nor appropriate.

We will not deal at length with the other issues raised by appellant Schmidt. His first claim is that the court should have used quantum meruit as the measure of damages. The plaintiff's suit, initiated approximately six years ago, was brought as a contract action, seeking specific damages for the breach of the commission agreement. The possibility of quantum meruit as the measure of damages was never suggested by either party and was never brought up at the time of the trial.[8] Under these circumstances, we find appellant's claim to be without merit.

Schmidt also argues that if the commission agreement does control, Hennessy is only entitled to recover five percent of $400,000, rather than five percent of $500,000. Schmidt bases his argument on the fact that although $500,000 was the total package price that he received, there was a $400,000–$100,000 allocation between two agreements at the time of the sale, one termed a "stock sales agreement" and the other an "agreement not-to-compete." We note in this regard that plaintiff's position since the inception of this lawsuit was that if he was entitled to his commission, the agreement entitled him to 5 percent of $500,000, and at no time in the proceedings did Schmidt argue to the contrary until after judgment was entered against him. The letter from Ruck's attorney to Schmidt's attorney, in which the terms of the agreement are discussed, closes with the observation that "under the overall package outlined above, Otis Schmidt would receive payments totaling approximately $500,000." In the original appeal to this court, this court made reference to the $500,000 figure stating, "[this] price became the ultimate sales price." 521 F.2d at 1286. The district court was correct in concluding that the price Schmidt received for his shares was $500,000, and that the separation of this amount into two documents was nothing other than an arbitrary division, apparently done for tax reasons, and did not influence the amount that Hennessy was entitled to recover under his commission agreement.

Similarly Schmidt argues that it was error to award pre-judgment interest even though the plaintiff had amended his original complaint to include a request for pre-judgment interest, and the case had been tried on the theory that if the correspondence between the men constituted a written contract, plaintiff was entitled to the interest. At no time during trial did Schmidt introduce evidence to rebut plaintiff's characterization of the correspondence as forming a written contract. The original decision of the district court found that "[b]y virtue of letters exchanged on June 22, 24, 26 and July 22 Schmidt and Hennessey [sic] entered into an agreement whereby Hennessy would receive a specific commission . . . ." The court later concluded: "In this case there is no doubt that the parties entered into a legally binding

---

7. We do not interpret the instructions of this court to the district court that the evidence be "weighed and determined" under the appropriate standard and test, to mean that a "new trial" was needed.

8. The trial court itself observed, "If the action [had been] brought in quantum meruit, plaintiffs may have been successful . . . [b]ut the action [was] based on contract. . . . "

contract." While this court vacated the conclusions of law because the incorrect standard of proof had been applied to the evidence, it cast no doubt on the district court's observations regarding the nature and legal effect of the correspondence. The district court was correct in concluding that under *L. W. Foster Sportswear Co. v. Goldblatt Bros., Inc.*, 356 F.2d 906 (7th Cir. 1966), the correspondence between Hennessy and Schmidt in June and July of 1970 constituted "instruments of writing" under the provisions of Ill.Rev.Stat., Ch. 74, § 2, and that Hennessy therefore was entitled to recover pre-judgment interest.

For the reasons given above, the judgment of the district court is hereby affirmed.