the item and ultimately in terms of the legitimacy of that expectation.... [T]he "Fourth Amendment provides protection to the owner of every container that conceals its contents from plain view." The fact that a container contains contraband [or, in the present case, evidence of mail fraud], which indeed it usually does in such cases, has never altered our analysis.

I would hold that appellant had a legitimate expectation of privacy in the mailbox and its contents and would affirm the district court's order granting appellant's motion to suppress all testimony about the search of the mailbox and the opening of the tax bill. However, I also agree that there was sufficient information in the search warrant affidavit, independent of the unlawful search of the mailbox, to support the finding of probable cause for the issuance of the first search warrant. Accordingly, I concur in the affirmance of appellant's convictions.

Michael Buchan, Omaha, Neb., for appellant.

Robert A. Cannon and William L. Tannehill, Lincoln, Neb., for appellee.

Before HEANEY, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and ARNOLD, Circuit Judge.

PER CURIAM.

Stephen A. Jipp, an employee of the Burlington Northern Railroad Company (Company), commenced an action against the Company for injuries allegedly sustained in the course of his employment. He contended that the Company was negligent in that it permitted hydraulic oil to leak from a trackmobile which it had failed to repair. The oil allegedly leaked onto a railroad tie. Jipp claimed he slipped on the oiled tie and injured his back. The Company denied Jipp's claim. The issue was submitted to a jury. The jury returned a verdict for the Company.

Jipp filed a timely motion for a new trial alleging that the verdict of the jury was contrary to the weight of the evidence. The district court denied the motion and Jipp appeals. We affirm.

**Stephen A. JIPP, Appellant,**

v.

**BURLINGTON NORTHERN RAILROAD COMPANY, a Corporation, Appellee.**

No. 84–1050.

United States Court of Appeals, Eighth Circuit.

Submitted May 17, 1984.

Decided July 6, 1984.

926

An appeal from an order denying a new trial is generally not appealable as such, but most reviewing courts now treat such an appeal as being from the underlying judgment when both parties address the merits of that judgment. *In re W.F.A. Hurley, Inc.*, 612 F.2d 392, 394 (8th Cir. 1980); *Hennessy v. Schmidt*, 583 F.2d 302, 304–306 (7th Cir.1978). We find Jipp's appeal, however, to have little merit. The jury specifically found that the Company was not negligent and there is more than sufficient evidence in the record to support this finding.

Affirmed.

**GREATER KANSAS CITY LABORERS PENSION FUND, Greater Kansas City Laborers Welfare Fund, Greater Kansas City Laborers Vacation Plan, Greater Kansas City Laborers Training Fund, Appellees,**

v.

**Elmer THUMMEL, d/b/a Thummel Construction Company, and E. Thummel Construction Company, Appellants.**

No. 83–1906.

United States Court of Appeals, Eighth Circuit.

Submitted April 12, 1984.

Decided July 9, 1984.

Order of Aug. 27, 1984.

