James OSTERBERGER, Jr. and Patricia Osterberger, Plaintiffs–Appellants,

v.

RELOCATION REALTY SERVICE CORPORATION, Defendant–Appellee.

No. 90–3151.

United States Court of Appeals, Fifth Circuit.

Jan. 18, 1991.

Rehearing Denied Feb. 14, 1991.

Chapman L. Sanford and Roy M. Lilly, Baton Rouge, La., for plaintiffs-appellants.

Shelly D. Dick, Gary, Field, Landry, & Dornier, Baton Rouge, La., for defendant-appellee.

Before THORNBERRY, JOHNSON, and DAVIS, Circuit Judges.

THORNBERRY, Circuit Judge:

On May 14, 1986, the purchasers of a house, Dr. James Osterberger and his wife, Patricia Osterberger, sued the seller of the house, Relocation Realty Service Corporation (Relocation Realty), for a reduction in the purchase price because the house allegedly was sold with hidden defects. The Osterbergers filed their suit in federal court; jurisdiction was based on diversity of citizenship, *see* 28 U.S.C.A. § 1332 (West Supp.1990). Applying Louisiana law, the district court held that most of the defects were either apparent or disclosed by Relocation Realty, and it awarded the Osterbergers only $1,777.67.

The Osterbergers moved for a new trial. The district court denied that motion. The Osterbergers then filed a Notice of Appeal with this court, stating that they were appealing "from denial of a Ruling on Motion for New Trial." Relocation Realty moved to dismiss the appeal, contending that a denial of a motion for new trial is not appealable and that the Osterbergers had failed to appeal the underlying judgment. In an unpublished opinion, a prior panel of this court found that the notice of appeal was sufficient and dismissed Relocation Realty's motion.

We find that the "judgment of the District Court is based on findings of fact which are not clearly erroneous," and, therefore, we affirm its decision. *See* Loc.R. 47.6. We write, however, to explain why this court has jurisdiction over the Osterbergers' appeal.

Rule 3(c) of the Federal Rules of Appellate Procedure states that "[t]he notice of appeal shall specify the party or

parties taking the appeal; shall designate the judgment, order or part thereof appealed from; and shall name the court to which the appeal is taken." The Osterbergers filed a notice of appeal stating that they were appealing from the district court's denial of their motion for new trial. Although it is reviewable, an order denying a motion for new trial is not appealable. *See Youmans v. Simon,* 791 F.2d 341, 349 (5th Cir.1986). Consequently, the notice of appeal filed by the Osterbergers did not "designate the judgment ... appealed from." *See* Fed.R.App.P. 3(c).

It was clear, however, that the Osterbergers intended to appeal from the judgment, and in this situation, every Circuit, including the Fifth, has treated an appeal from an order denying a motion for new trial as an appeal from the adverse judgment itself.[1] The Supreme Court also has indicated that a party does not forfeit the right to appeal by designating the wrong judgment if it is clear which judgment he is appealing. *See Foman v. Davis,* 371 U.S. 178, 181, 83 S.Ct. 227, 229–30, 9 L.Ed.2d 222 (1962). In *Foman,* the district court had entered a judgment dismissing the petitioner's complaint. The petitioner filed two motions: one to vacate that judgment and another to amend the complaint. The petitioner then filed a notice of appeal from the judgment. The district court denied the motions, and the petitioner filed a second notice of appeal from the order denying the motions. The Court of Appeals dismissed the petitioner's appeal, holding that the first notice of appeal was premature and the second failed to specify that the appeal was being taken from the underlying judgment. *See id.* at 180, 83 S.Ct. at 229. The Supreme Court held that the Court of Appeals should have granted the second notice of appeal.

> [T]he Court of Appeals should have treated the appeal from the denial of the motions as an effective, although inept, attempt to appeal from the judgment sought to be vacated. Taking the two notices and the appeal papers together, petitioner's intention to seek review of both the dismissal and the denial of the motions was manifest....
>
> It is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities.

*Id.* 371 U.S. at 181, 83 S.Ct. at 229–30. *Cf. Bankers Trust Co. v. Mallis,* 435 U.S. 381, 387–88, 98 S.Ct. 1117, 1121–22, 55 L.Ed.2d 357 (1978) (applying *Foman* and holding that Court of Appeals had jurisdiction even though the district court judgment was not set forth on a "separate document").

In 1988, the Supreme Court cast doubt on the ability of courts to interpret Rule 3(c) liberally by holding that one portion of Rule 3(c) was jurisdictional and, therefore, must be followed without considering the intent of the parties. *See Torres v. Oakland Scavenger Co.,* 487 U.S. 312, 315, 108 S.Ct. 2405, 2408, 101 L.Ed.2d 285 (1988). In *Torres,* the petitioner was one of sixteen individual plaintiffs who intervened in an employment discrimination suit against the respondent. *See id.* at 313, 108 S.Ct. at 2407. The district court dismissed all sixteen complaints for failure to state a claim, and a notice of appeal was filed with the Ninth Circuit. Because of a clerical error, the petitioner's name was omitted from the notice of appeal. *See id.* Because Rule 3(c) requires that "[t]he notice of appeal shall specify the party or parties taking the appeal," the Ninth Circuit held that it did not have jurisdiction over the petitioner, and the Supreme Court affirmed.

In *Torres,* the Court distinguished *Foman:*

**1.** *See, e.g., Atlantic Coast Line R. Co. v. Mims,* 199 F.2d 582, 583 (5th Cir.1952); *Williams v. Guzzardi,* 875 F.2d 46, 49–50 (3d Cir.1989); *Hennessy v. Schmidt,* 583 F.2d 302, 305–06 (7th Cir.1978); *McGowne v. Challenge–Cook Bros., Inc.,* 672 F.2d 652, 659 (8th Cir.1982); 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2818, at 117–18, 118 n. 46 (1973 & Supp. 1990). *Cf. C.A. May Marine Supply Co. v. Brunswick Corp.,* 649 F.2d 1049, 1056 (5th Cir.) (noting that a party "who makes a simple mistake in designating the judgment appealed from does not forfeit his right of appeal where the intent to pursue it is clear"), *cert. denied,* 454 U.S. 1125, 102 S.Ct. 974, 71 L.Ed.2d 112 (1981).

*Foman* did not address whether the requirement of rule 3(c) at issue in that case was jurisdictional in nature; rather, the Court simply concluded that in light of all the circumstances, the rule had been complied with. We do not dispute the important principle for which *Foman* stands—that the requirements of the rules of procedure should be liberally construed and that "mere technicalities" should not stand in the way of consideration of a case on its merits. Thus, if a litigant files papers in a fashion that is technically at variance with the letter of a procedural rule, a court may nonetheless find that the litigant has complied with the rule if the litigant's action is the functional equivalent of what the rule requires.

*Id.* at 316–17, 108 S.Ct. at 2408–09 (citation omitted).

On its surface, the holding in *Torres* seems to contradict prior cases that have loosely construed the requirement that a party designate the judgment from which it is appealing. If the first half of Rule 3(c) (stipulating that a notice of appeal must specify the parties) is jurisdictional, how can the second half (requiring that a notice of appeal designate the proper judgment) be construed broadly? *Torres* itself provides the answer: the interaction between Rule 4 and the first half of Rule 3(c) makes the first half of Rule 3(c) jurisdictional. *See id.* at 314–15, 108 S.Ct. at 2407–08. Rule 4 of the Federal Rules of Appellate Procedure specifies the time period for filing a notice of appeal. If a party does not comply with Rule 4, a Court of Appeals does not have jurisdiction over the appeal. *See United States v. Robinson*, 361 U.S. 220, 224, 80 S.Ct. 282, 285–86, 4 L.Ed.2d 259 (1960). If a court were to exercise jurisdiction over parties who are not named in the appeal after the time for filing a notice of appeal has expired, the time period for those parties to file a notice of appeal would be extended.

But a party cannot circumvent the time requirements of Rule 4 by designating the wrong judgment if it is clear that they intended to designate the right one. Thus, there is no interaction between the second half of Rule 3(c) and a jurisdictional rule, like Rule 4, and *Torres* has no effect on the long line of cases that have held that an appeal erroneously taken from a denial of a motion for new trial, rather than from the underlying judgment, should be treated as an appeal from the judgment.

AFFIRMED.