UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-30554

_____


HENRY KOBNAR DAVIES,

                              Plaintiff-Appellant,

                  versus

     CHARLES A. FUSELIER; TODD G. LOUVIERE;
   JOHN B Z  CAPLINGER; MAJORIE ALLEMOND;
    BEN J J BANDANZA; MORTON, Deportation
     Officer; CANTRELL, Deportation Officer

                              Defendants-Appellees.

_____

        Appeal from the United States District Court
          for the Western District of Louisiana
                     97-CV-2535
_____
                    March 15, 2001

Before KING, Chief Judge, ALDISERT* and BENAVIDES, Circuit
Judges.

PER CURIAM**


_____

* Circuit Judge of the Third Circuit, sitting by designation.

** Pursuant to 5th CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5th CIR. R. 47.5.4.

Henry Kobnar Davies, an Immigration and Naturalization Service ("INS") detainee, appeals from summary judgment in favor of Sheriff Charles Fuselier, Warden Todd Louviere, INS District Director John Caplinger, and other defendants. Appellant filed a complaint under 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents, 403 U.S. 388, 389 (1971), alleging that the defendants violated his constitutional rights while he was detained in the St. Martin Parish Jail ("SMPJ") from October 21, 1997 to April 4, 1998.

This appeal requires us to decide (1) whether the notice of appeal was timely and whether it properly brought up the underlying judgment on appeal; (2) whether the district court erred by dismissing Davies' claims pursuant to § 1915(e) and by ordering Davies to pay the filing fee in accordance with the Prison Litigation Reform Act ("PLRA"); (3) whether being detained for more than five months in a cell with a defective toilet and leaking walls could establish a violation of constitutional magnitude; and (4) whether Appellees provided evidence sufficient to withstand summary judgment on a second-hand smoke claim.

Because we write solely for the parties and not for publication, we need not set forth a detailed recitation of the background for this appeal, and we will limit our discussion to the resolution of the issues presented.

I.

2

Although Davies stated in his notice of appeal that he was appealing only the district court's denial of his Rule 59(e) motion, Davies' appellate brief makes clear his intent to appeal from the underlying judgment and not merely the denial of his motion. See Osterberger v. Relocation Realty Serv. Corp., 921 F.2d 72, 73 n.1 (5th Cir. 1991) ("[A] party who makes a simple mistake in designating the judgment appealed from does not forfeit his right of appeal where the intent to pursue it is clear.") (internal quotation marks and citation omitted); see also Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc., 784 F.2d 665, 667 (5th Cir. 1986) (noting that a Rule 59(e) motion generally brings up the underlying judgment for review). Thus, the underlying judgment is properly before the court.

Because he is an INS detainee, Davies is not subject to the PLRA. Edwards v. Johnson, 209 F.3d 772, 776 (5th Cir. 2000) (reasoning that the PLRA does not apply to INS detainees because they are not "prisoners" within the meaning of 28 U.S.C. § 1915(h)); Ojo v. INS, 106 F.3d 680, 682 (5th Cir. 1997)(same). Because § 1915(e) was added by the PLRA, the district court erred by citing that section as the basis for its partial dismissal of Davies' complaint. See Black v. Warren, 134 F.3d 732, 733 (5th Cir. 1998); R. 1, 235. However, Davies does not challenge the district court's § 1915(e) dismissal. Accordingly, he has abandoned those issues. See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993). We will affirm the district court's § 1915(e)

3

dismissal on the alternative grounds of failure to state a claim pursuant to Rule 12(b)6) of the Federal Rules of Civil Procedure. See Bickford v. Int'l Speedway Corp., 654 F.2d 1028, 1031 (5th Cir. 1981) (holding that a dismissal may be affirmed on alternative grounds).

The district court assessed an initial partial filing fee and ordered payment of the remainder of the appellate filing fee pursuant to PLRA §§ 1915(b)(1) and (b)(2). Because Appellant is not subject to the PLRA, we will vacate the court's May 15, 2000 order for Davies to pay the appellate filing fee in accordance with the PLRA and direct the Clerk to return to Davies any money paid in conformity with that order.

Davies proceeded in forma pauperis("IFP")in the district court, and the district court found that he was entitled to continue to do so on appeal. Accordingly, we hold that he may continue to proceed IFP. Rule 24(a)(3), Federal Rules of Appellate Procedure.

II.

We review a grant of summary judgment de novo and apply the same criteria that the district court employed. Olabisiomotosho v. Houston, 185 F.3d 521, 525 (5th Cir. 1999). The facts and any inferences to be drawn are viewed in the light most favorable to the nonmovant. Id. "Summary judgment is properly granted if 'the pleadings, depositions, answers to interrogatories, and

4

admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Id.; Rule 56(c). If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the nonmovant to set forth specific facts showing the existence of such an issue for trial. Rule 56(e). The nonmovant cannot satisfy his burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc).

An INS detainee is entitled to the same rights afforded to a pretrial detainee. Edwards v. Johnson, 209 F.3d 772, 778 (5th Cir. 2000). "[A] pretrial detainee's constitutional claims are considered under the due process clause instead of the Eighth Amendment." Edwards, 209 F.3d at 778 (citations omitted). In analyzing constitutional challenges raised by pretrial detainees, the court must first determine whether to classify the challenge as an attack on a "condition of confinement" or an "episodic act or omission." Id. (internal quotations and citations omitted). Because Appellant's claims concern the general conditions at the SMPJ and not a particular act, his claims can be characterized as challenges to the conditions of confinement. See id.

A court considering a pretrial detainee's claims concerning the constitutionality of conditions of confinement "must

5

determine whether the conditions complained of are imposed for the purpose of punishment." Hamilton v. Lyons, 74 F.3d 99, 104 (5th Cir. 1996) (citation omitted). "Because they have not yet been convicted of the crime with which they are charged, pretrial detainees have a due process right not to be punished for that crime." Id. (citing Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979)). A punitive purpose is established by direct proof of an expressed intent to punish the pretrial detainee for the crime charged; a punitive purpose may also be inferred if the challenged condition is not "reasonably related to a legitimate governmental objective." Hamilton, 74 F.3d at 104 (citations omitted). However, even if the pretrial detainee establishes evidence of a punitive purpose, in conditions of confinement claims, there is "a *de minimis* level of imposition with which the Constitution is not concerned." Id. at 106 (citation omitted).

### III.

As an initial matter, Appellant does not challenge the district court's dismissal of his claims that he was unjustifiably placed in lockdown, that he was given only biscuits and watery milk for breakfast during lockdown, and that the water was cut off for fifteen hours during lockdown. We deem these issues abandoned. See Yohey, 985 F.2d at 225.

Appellant argues that the district court erred in granting summary judgment on his defective toilet and leaking roof and walls claims. He asserts that for five months he was subjected to a daily stench caused by toilets that backed up with human waste. He also asserts that the walls and roof in his cell leaked dirty rainwater. The district court determined that Davies did not allege that his toilet overflowed or retained waste water for a substantial length of time, that he was forced to contact the waste water, that he was denied the opportunity to clean the area, or that he was exposed to disease as a result of the alleged defective toilet. See R. 3, 556-57. With respect to the leaking roof and walls, the district court determined that Davies did not allege that the leaking occurred regularly or that he experienced illness as a result of the conditions. See id. at 558. The district court concluded that the conditions were not imposed to inflict punishment on Davies and that the conditions were incident to the management of the detention facility. See id. at 557-58. We are persuaded that the court did not err in these determinations.

IV.

Appellant contends that the defendants violated his constitutional rights by housing him for over five months in an environment in which he was exposed to second-hand smoke. He

7

contends that this exposure caused headaches, throat irritation, and burning eyes and exposed him to potential future health risks, such as cancer. He asserts that the ventilation system was clogged and was not cleaned and that the Appellees ignored his requests for housing in a nonsmoking dormitory. The defendants counter that Davies did not show that he was exposed to excessive levels of second hand smoke, that any exposure to this caused the symptoms that he experienced, and that the symptoms he experienced were serious enough to implicate constitutional concerns.

In Helling v. McKinney, 509 U.S. 25, 33-35 (1993), the Court recognized that the Eighth Amendment affords protection to an inmate from present and future harm caused by exposure to second hand smoke. In Whitley v. Hunt, 158 F.3d 882, 887-88 (5th Cir. 1998), and in Rochon v. Angola, 122 F.3d 319, 320 (5th Cir. 1997), cert. denied, 523 U.S. 1025 (1998), this court also recognized that an inmate's claim of unwilling exposure to second hand smoke potentially stated a claim for relief under the Eighth Amendment.

The district court granted summary judgment after concluding that Davies did not produce competent summary judgment evidence to prove intent or that the exposure was not reasonably related to a legitimate goal. It determined that Davies' five-month exposure in a jail that had an adequate operating ventilation system did not constitute a due process violation. The court

8

found that Davies did not present evidence that he was exposed to excessive levels of second hand smoke, that his symptoms directly resulted from this exposure or that he requested segregation from the smoking inmates.

We are not persuaded that the district court erred in determining that the five months exposure, under the circumstances here present (including an adequate ventilation system), did not violate the Fourteenth Amendment. Therefore, the court appropriately entered summary judgment on this claim.

* * * * *

We have considered all contentions presented by the parties and conclude that no further discussion is necessary. We affirm the judgment of the district court and direct the Clerk to refund Appellant's filing fee as discussed in Part I above.

AFFIRMED.