United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 29, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-30642
Summary Calendar

_____

DERRIC CHAMBERS, ET AL,

                                        Plaintiffs,

DERRIC CHAMBERS; SHANNON CHAMBERS; JACOB ARMSTEAD; EDWIN WATKINS;
EDDIE WATKINS, JR.; ANNA WATKINS; CHARLOTTE CHAMBERS; JACQUELINE
ODDS; CHRISTINA ELLIS; BRENDA N. PERKINS; SAMUEL ELLIS; LILLIE
ANGEL; JEREMY GREEN; JUDY MARTIN; AMANDA SCOTT; KAREN STEWART;
PATRICIA ARMSTEAD; BENJAMIN ARMSTEAD; JOSHUA WILLIAMS;

                                        Plaintiffs-Appellants

GLORIA VESSEL; KENYA NASH; MARLIN NASH;
RONALD THOMAS; COREY NASH,

                                        Appellants,

versus

CECIL PICARD, Superintendent Department of Education; BILL
MILLER, Assistant Superintendent Department of Education; ROGER
BURKE; LOUISIANA HIGH SCHOOL RULING ON STUDENTS ADMINISTRATION;
LOUISIANA HIGH SCHOOL ATHLETIC ASSOCIATION,

                                        Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 02-CV-810-D
---------------------

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.

The instant suit was filed by several individuals associated with the Second Chance Academy.  The district court dismissed the suit for lack of subject matter jurisdiction, and the district court likewise denied the plaintiffs' postjudgment motion for new trial.  The plaintiffs now appeal the district court's denial of their postjudgment motion.  They also move this court to supplement the record on appeal.

We first note that there is an issue concerning which plaintiffs filed a valid notice of appeal.  However, we pretermit this jurisdictional question because this appeal lacks merit. See United States v. Alvarez, 210 F.3d 309, 310 (5th Cir. 2000); United States v. Weathersby, 958 F.2d 65, 66 (5th Cir. 1992).

The plaintiffs challenge the district court's denial of their postjudgment motion.  They do not dispute the district court's characterization of this motion as a FED. R. CIV. P. 59(a) motion for new trial, nor do they challenge the district court's reasons for denying the motion.  Rather, they argue only that they were at an unfair disadvantage in the district court because they lacked counsel.  This argument is unavailing.  The denial of a motion for new trial is not appealable. See Osterberger v. Relocation Realty Serv. Corp., 921 F.2d 72, 73 (5th Cir. 1991); Youmans v. Simon, 791 F.2d 341, 349 (5th Cir. 1986).  Moreover, the plaintiffs' argument concerning their lack of counsel shows no error in the underlying judgment dismissing their suit for

R. 47.5.4.

lack of subject matter jurisdiction.  See <u>Osterberger</u>, 921 F.2d at 73.  To the extent that the plaintiffs attempt to raise several new issues for the first time in their reply brief, we decline to consider these issues.  See <u>United States v. Prince</u>, 868 F.2d 1379, 1386 (5th Cir. 1989).  The judgment of the district court is AFFIRMED, and the motion to supplement is DENIED.